Territorial Law Library

FILED
SUPERIOR COURT
2013 OCT 17 PM 3: 40
CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,  )  CRIMINAL CASE NO. CF0025-12
 )
 )
 )  **DECISION AND ORDER**
vs.  )  **ON MOTION TO SUPPRESS**
 )
 )
POMPEYO TOLENTINO,  )
 )
Defendant.  )
 )
 )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 3, 2013 on Defendant's Motion to Suppress. The People were represented by Assistant Attorney General James Collins. Defendant Pompeyo Tolentino was represented by Attorney Suresh Sampath. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Capulong was arrested on or about June 11, 2011 while driving in Dededo. The record before this Court indicates that the arresting officer initially pulled the Defendant's moped over because of overly slow driving and an illegal turn. During the course of the traffic stop, it was discovered that Defendant had illegal substances in his possession.

On June 11, 2013, Defendant filed his Motion to Suppress, arguing there was no reasonable suspicion for the initial stop of his moped and that any evidence obtained by the police, including subsequent statements by Defendant, should be suppressed. On June 3, 2013, the Government filed its Opposition to the motion. For the reasons set forth below, this Court shall deny the motion.

## DISCUSSION

The Fourth Amendment permits brief detentions when a police officer has a reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct. People v. Johnson, 1997 Guam 9 ¶ 4 (quoting Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The Terry stop doctrine has been extended to justify the investigatory stop of a motor vehicle. Johnson ¶ 4.

In order to determine whether an officer had reasonable suspicion sufficient to warrant a traffic stop, the court must look at the totality of the circumstances, taking into account the facts known to the officers from personal observation. Id. ¶ 6. Furthermore, the reasonable suspicion must exist at the time the stop was initiated. Id. (quoting U.S. v. Santamaria–Hernandez, 968 F.2d 980, 982 (9th Cir.1992).

At the motion hearing, testimony was received by the arresting officer. There was some contention as to whether the speed at which Defendant was travelling could be used as reasonable suspicion. The officer described the speed at which the Defendant was travelling as "impeding traffic." Defendant, however, indicated that it is a narrow roadway and at the end of the road is a small school. He indicated he was just driving slowly for safety reasons. This alone would be insufficient to find reasonable suspicion under these circumstances.

However, evidence was also presented which indicated that Defendant made a left turn from the outer-most portion of the roadway, crossing in front of the vehicle in the inner-most portion of the roadway. This Court agrees with the officer and with the government in that such a turn is a traffic violation.

The Defendant indicated that he had been in visual contact with the other driver to his left. Defendant stated that he gave a hand signal to the other driver to show that he intended to turn left and the driver signaled him to proceed. That Defendant has a good explanation for what transpired does not negate the officer's personal observation of a traffic violation. The Court finds this to be sufficient cause for a stop of the vehicle.

Decision and Order
Case No. CF0025-12

Defendant's arguments in favor of suppression of both the illegal substances and subsequent statements to police are premised on their being fruit of the poisonous tree. However, the Court's finding that the stop was based on reasonable suspicion negates these arguments. The Court is unaware of any other circumstances which would weigh in favor of suppression.

<strong>CONCLUSION</strong>

For the reasons set forth above, Defendant's Motion to Suppress is hereby **DENIED**. A Trial Setting is scheduled for November 12, 2013 at 2:00 p.m.

It is **SO ORDERED** this 17th day of October, 2013.

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 1 7 2013

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

